IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

MICHAEL McCURRY,

    Plaintiff,

v.

    CIVIL ACTION NO.: CV512-058

Warden PERRY; Previous Warden
GOODRICH; Mr. MILES; Sgt. DAVIS;
and Officer COLE,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Michael McCurry ("Plaintiff"), an inmate currently incarcerated at Coffee Correctional Facility in Nicholls, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 and 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. Although the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that he filed an informal grievance on August 22, 2010, concerning the allegations stated in his Complaint. Plaintiff asserts that he filed a formal grievance concerning the same allegations on August 31, 2010. Plaintiff states that these grievances were denied. Plaintiff admits that he did not appeal the denial of his grievances to the highest level possible in the administrative procedure. Plaintiff's Complaint was filed in this Court on July 2, 2012.

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523. The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 548

AO 72A
(Rev. 8/82)

U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90–91. In other words, an institution's requirements define what is considered exhaustion. See Jones v. Bock, 549 U.S. 199, 218 (2007).

The Georgia Department of Corrections' grievance procedure is a three-step process. Blackerby v. McNeil, No. CV307-071, 2008 WL 5209975, at *4 (S.D. Ga. Oct. 7, 2008). To begin the process, an inmate must file an informal grievance within ten days of "the date the offender knew, or should have known, of the facts giving rise to the grievance." Id. The inmate's counselor must respond to the informal grievance within ten days of its receipt. Id. If the inmate is unsatisfied with the resolution of his informal grievance, a formal grievance form must be submitted to the inmate's counselor within five business days of the inmate's receipt of his counselor's informal grievance response. Id. The Warden must respond to the inmate's formal grievance within thirty days of the counselor's receipt of the form. Id. If the inmate is not satisfied with the Warden's response, he has five business days from the date of his receipt of the response to file an appeal to the Office of the Commissioner. Id. The Office of the Commissioner must respond within ninety days of the receipt of the inmate's appeal. Id. The grievance procedure is terminated upon the issuance of an appeal response. Id.

It is apparent from the face of his Complaint that Plaintiff did not exhaust his available administrative remedies prior to the filing of his Complaint. As a result, Plaintiff's Complaint should be dismissed. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (noting that, although exhaustion need not be specially pled or

3

demonstrated, a complaint may be dismissed if such failure "appears on the face of the complaint").

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** due to Plaintiff's failure to exhaust his available administrative remedies.

**SO REPORED** and **RECOMMENDED**, this 27th day of August, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)