

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

MICHAEL McCURRY,

    Plaintiff,

v.                                                            CIVIL ACTION NO.: CV512-058

Warden PERRY; Previous Warden
GOODRICH; Mr. MILES; Sgt. DAVIS;
and Officer COLE,

    Defendants.

## ORDER

Plaintiff filed Objections to the Magistrate Judge's Report dated August 27, 2012, which recommended that Plaintiff's Complaint be dismissed due to Plaintiff's failure to exhaust his available administrative remedies. After an independent and de novo review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

In his Objections, Plaintiff argues that "the grievance procedure requirements must be held inapplicable to the instant case because following the grievance procedure correctly would not and could not have prevented the claim of constitutional violations." (Doc. No. 9, p. 2). The Court agrees with Plaintiff that following the grievance procedure would not have prevented the occurrence of the alleged attack upon Plaintiff.

AO 72A
(Rev. 8/82)

However, after an alleged constitutional violation occurs, a prisoner must exhaust the inmate grievance procedure before filling suit in federal court. See Porter v. Nussle, 534 U.S. 516, 523, 524 (2002); 42 U.S.C. § 1997e(a). This exhaustion requirement applies even to alleged constitutional violations arising from surprise attacks. After the surprise attack, the prisoner must follow the grievance procedure before filing suit in federal court.

Plaintiff cites Jones v. Bock, 549 U.S. 199 (2007), for the proposition that inmates are not required to specifically plead or demonstrate exhaustion in their complaint. The Court agrees with this statement of law. However, although exhaustion need not be specially pled or demonstrated, a complaint may be dismissed if such failure "appears on the face of the complaint." Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). A failure to exhaust appears on the face of Plaintiff's Complaint. Plaintiff contends that he filed an informal grievance on August 22, 2010, concerning the allegations stated in his Complaint. (Doc. No. 1, p. 3). Plaintiff asserts that he filed a formal grievance concerning the same allegations on August 31, 2010. (Id.). Plaintiff states that those grievances were denied. (Id.). Plaintiff admits that he did not appeal the denial of his grievances to the highest level possible in the administrative procedure. (Doc. No. 1, p. 4). Because the face of Plaintiff's Complaint shows a failure to exhaust administrative remedies, Plaintiff's Complaint must be dismissed.[1]

Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are without merit and are **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Plaintiff's Complaint is **DISMISSED**,

---

[1] It can be noted that in his Objections Plaintiff again mentions the filing of only an informal grievance and a formal grievance. (Doc. No. 9, p. 4). To properly exhaust, Plaintiff would have needed to appeal the denial of his formal grievance. (See Doc. No. 7, p. 3).

AO 72A
(Rev. 8/82)

without prejudice. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

      **SO ORDERED**, this __17__ day of ____September____, 2012.

                                                      LISA GODBEY WOOD, CHIEF JUDGE
                                                      UNITED STATES DISTRICT COURT
                                                      SOUTHERN DISTRICT OF GEORGIA